## CIRCUIT COURT OF THE CITY OF RICHMOND

Mamie D. Nunery

v.

Virginia Employment Commission

### July 12, 1996

BY JUDGE T. J. MARKOW

The parties appeared, by counsel, on June 19, 1996, for argument on Plaintiff's appeal of the decision of the Virginia Employment Commission (VEC) concerning her social security disability and unemployment compensation benefits. Plaintiff asked the court to determine whether her disability payment, which she received in one lump sum disbursement, constituted "governmental or other pension, retirement . . ." and thus required her previously received unemployment compensation to be repaid to the VEC. Va. Code Ann. § 60.2-604.

The manner and timing of the plaintiff's receipt of her benefits are crucial to the court's determination. Plaintiff initially applied for unemployment compensation benefits in May 1992. Between October 1992 and April 1994, the plaintiff received unemployment benefits. Moreover, Plaintiff applied for Social Security Disability benefits on June 10, 1993. She was denied these benefits initially and that decision was affirmed on the first appeal. Plaintiff continued to appeal the decision denying disability benefits and was finally declared eligible for disability benefits and supplemental income by an administrative law judge. The period of her eligibility extended from May 1992 through April 1994.

As a result of the January 1995 decision of the Administrative Law Judge, Plaintiff received social security disability benefits in one payment of $15,756.76. The period for which payment was received for disability alone included May 1992 through February 1994. Although the record does not reveal whether the plaintiff received unemployment benefits in 1995, the VEC determined that she was overpaid in unemployment benefits and should reimburse the Commission pursuant to § 60.2-604 of the Code of Virginia. On June 12, 1995, the VEC mailed a notice to the

plaintiff informing her of the overpayment and seeking repayment of all amounts of unemployment benefits which equalled or exceeded disability benefits for corresponding periods during 1992, 1993, and 1994.

In essence, the VEC claimed that the plaintiff was overpaid since she had already received unemployment benefits covering some of the same periods for which she received benefits for disability. The VEC argued that the lump sum represented the weekly/periodic amounts of disability that plaintiff would have received if the social security administration had allowed such payments thus resulting in an overpayment of unemployment benefits. Therefore, the VEC seeks affirmation of its decision concerning Ms. Nunery and her liability to repay the overpaid amounts pursuant to § 60.2-604.

Although § 60.2-604 applies to governmental or other pension, retirement pay, or plans "maintained or contributed to by a base period or chargeable employer based on the previous work of such individual," this plaintiff should not be required to reimburse the Commission for unemployment compensation which she has received.

Applying the state statute, the disability payments seem to fit the aforementioned description of § 60.2-604 concerning an award based on the previous work of an individual or contributed to by a base period or chargeable employer. However, the statute also states that a "weekly benefit amount payable to an individual for any week which begins in a period for which such individual *is receiving* a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment . . . shall be reduced . . . ." Va. Code Ann. § 60.2-604 (emphasis added). The court construes the statute as providing for a reduction of unemployment benefits only when the person is actually receiving the benefits described in § 60.2-604 of the Code.

In contrast to the VEC's assertion, the facts at hand reveal that Ms. Nunery was not receiving any type of pension or retirement payments during any period for which an unemployment benefit was paid. As previously stated, the Commission made its final determination concerning her receipt of unemployment benefits, corresponding to the period of October 1992 and April 1994, in 1995. Since the Administrative Law Judge declared Ms. Nunery's entitlement to disability benefits in January 1995 and she actually received the $15,756.76 disbursement shortly thereafter, Plaintiff could not have been receiving any retirement or pension benefits at the times for which the Commission declared her eligible for unemployment benefits.

Additionally, the primary purpose of the Virginia Unemployment Compensation Act (Va. Code Ann. § 60.2-100 et seq.) is "to provide temporary financial assistance" to workers who are involuntarily displaced from the work force. *Ford Motor Co. v. U.C.C.*, 191 Va. 812, 824, 63 S.E.2d 28 (1951). In effect, it "assures a measure of security against the hazard of unemployment . . . ." *Huffman Co. v. Unemployment Commission*, 184 Va. 727, 740, 36 S.E.2d 641 (1946). The statute should be construed liberally to achieve its purpose. *U.C.C. v. Collins*, 182 Va. 426, 438, 29 S.E.2d 388 (1944).

Construing the statute with this beneficent purpose in mind, the reduction or setoff which the VEC now claims, should occur only when the applicant for unemployment benefits *is receiving* pension or retirement benefits for a period during which the unemployment compensation is payable. The General Assembly has not indicated the statute should be applied to *any* benefits received, no matter when they are actually received, and this court finds that the statute is not ambiguous. Had the legislature intended that any person "entitled" to a federal benefit would be ineligible for payment of unemployment benefits, it surely could have plainly stated that. The statute shall be applied as written.

As was the case, this plaintiff received no benefits for disability until eighteen months after the application was made, although she was entitled to such benefits. Her entitlement to disability was delayed by the social security appellate process until 1995, while she received the unemployment benefits between 1992 and 1994. Consequently, Ms. Nunery was not receiving pension or retirement benefits at the same time that unemployment benefits were paid since she received only one payment for her disability. Thus, she is entitled to retain the funds which were distributed and is not liable for any reduction or setoff amounts. The decision of the Virginia Employment Commission is reversed.